UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

| | |
|---|---|
| TIFFANY AND COMPANY and TIFFANY (NJ) LLC, | ECF CASE |
| Plaintiffs and Counter-Defendants, | 13 Civ. 1041 (LTS) |
| – against – | |
| COSTCO WHOLESALE CORPORATION, | **ANSWER AND COUNTERCLAIM** |
| Defendant and Counter-Plaintiff. | |

----------------------------------------------------------------- x

Costco Wholesale Corporation ("Costco") sells a broad range of consumer and household products, including diamond rings having the style of multi-pronged setting depicted below:



This style of ring setting is commonly known as a Tiffany setting. The word Tiffany is a generic term for ring settings comprising multiple slender prongs extending upward from a base to hold a single gemstone. Examples of dictionary entries, references, and advertisements using the word Tiffany to denote a type or style of ring setting are presented in Exhibit 1. Costco has sold unbranded rings having Tiffany settings for many years.

In their complaint, Plaintiffs falsely accused Costco of using "counterfeit" "trademarks" and selling "counterfeit" "Tiffany rings." The rings apparently referred to by Plaintiffs were, in

truth and in fact, unbranded rings having Tiffany settings and accurately described as such on in-store signs.

Diamond rings purchased at Costco come in plain beige outer gift boxes (unlike rings sold by Tiffany & Co., which come in blue outer gift boxes bearing the name Tiffany & Co.); diamond rings purchased at Costco have no brand name embossed or engraved on them (unlike rings sold by Tiffany & Co. stores, which have the name Tiffany & Co. embossed or engraved on them); diamond rings purchased at Costco are backed by Costco and are returnable for a refund at any Costco warehouse store (unlike rings sold by Tiffany & Co. stores, whose policy requires that returns be made within 30 days of purchase); and diamond rings purchased at Costco come with Costco-supplied appraisal and sales documentation (unlike rings sold by Tiffany & Co., which come with documentation bearing the name Tiffany & Co.). Images of unbranded ring gift boxes and documentation typical of that which Costco provides to diamond ring purchasers are presented in Exhibit 2.

As set forth more fully below, Costco not only denies having infringed or invaded any legal rights of these Plaintiffs, but Costco asks the Court to order that the Plaintiffs be prohibited and enjoined from ever again asserting false claims of right to exclude use of Tiffany as a generic term for a style or type of ring setting. By its counterclaim herein, Costco seeks a judgment declaring invalid, and ordering modified or partially canceled, federal trademark registrations which the Plaintiffs have put forward as purportedly evidencing or supporting false claims of right to prevent Costco and other retailers from using the word Tiffany to indicate that a ring has a Tiffany setting, *i.e.*, a setting comprising multiple slender prongs extending upward from a base to hold a single gemstone, exemplified by the type of setting that appears on page 1, above, and by settings depicted, described, or referred to in Exhibit 1 as Tiffany settings.

For its answer to the specific numbered allegations of Plaintiffs' complaint, Costco:

1. Admits that Plaintiffs assert the claims purportedly stated in their complaint, and except as so admitted denies the allegations of paragraph 1.

2. Admits that Costco's business is described in Exhibit 3 hereto, denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 2, and otherwise denies the allegations of paragraph 2.

3. Admits that Costco's business is described in Exhibit 3 hereto, and except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4. Admits that Costco's business is described in Exhibit 3 hereto, admits that Costco sells rings, necklaces, and bracelets, and except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. Admits that Costco has from time to time used signs in jewelry cases which describe generic features of unbranded engagement rings, refers to said signs for the precise terms thereof, and except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Admits that Costco has never purported to sell "Tiffany rings" (as distinct from unbranded rings having Tiffany settings and other accurately described, generic features), and except as so admitted denies the allegations of paragraph 6.

7. Admits that Costco has not used "Tiffany" as a trademark for rings, and except as so admitted denies the allegations of paragraph 7.

8. Denies the allegations of paragraphs 8-10.

9. Admits that the complaint purports to state claims arising under the Trademark Act of 1946, as amended; admits that the Court has subject matter jurisdiction to hear this action and that venue is proper in this judicial district, and except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 12-13.

11. Admits that Costco's business is described in Exhibit 3 hereto, admits that the word Tiffany is a generic term for the general style or type of ring setting depicted on page 1, above; admits that Costco has not sought or obtained "permission" from Plaintiff to use the word Tiffany as a generic term for a general style or type of ring setting, and except as so admitted denies the allegations of paragraph 14.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 15-21.

13. Admits that Costco's business is described in Exhibit 3 hereto, and except as so admitted denies the allegations of paragraph 22.

14. Admits that Costco's business is described in Exhibit 3 hereto, and except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 23-27.

15. Denies the allegations of paragraph 28.

16. Admits that Costco's business is described in Exhibit 3 hereto; admits that Costco sells branded watches; admits that a complaint filed by Omega S.A. against Costco was dismissed on grounds of copyright misuse, and except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

17. Admits that Costco has never purported to sell "Tiffany rings" (as distinguished from unbranded rings having Tiffany settings), and except as so admitted denies the allegations of paragraphs 30-44.

## COUNT ONE

18. Responding to paragraph 45 of the complaint, Costco's responses to paragraphs 1-44, above, are realleged and incorporated by reference as if set forth in full.

19. Denies the allegations of paragraphs 46-51.

## COUNT TWO

20. Responding to paragraph 52 of the complaint, Costco's responses to paragraphs 1-44, above, are realleged and incorporated by reference as if set forth in full.

21. Denies the allegations of paragraphs 53-58.

## COUNT THREE

22. Responding to paragraph 59 of the complaint, Costco's responses to paragraphs 1-44, above, are realleged and incorporated by reference as if set forth in full.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 60-61.

24. Denies the allegations of paragraphs 62-63.

## COUNT FOUR

25. Responding to paragraph 64 of the complaint, Costco's responses to paragraphs 1-44, above, are realleged and incorporated by reference as if set forth.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65.

27. Denies the allegations of paragraphs 66-72.

## COUNT FIVE

28. Responding to paragraph 73 of the complaint, Costco's responses to paragraphs 1-44, above, are realleged and incorporated by reference as if set forth in full.

29. Denies the allegations of paragraphs 74-76.

## COUNT SIX

30. Responding to paragraph 77 of the complaint, Costco's responses to paragraphs 1-44, above, are realleged and incorporated by reference as if set forth in full.

31. Denies the allegations of paragraph 78.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79.

33. Denies the allegations of paragraphs 80-83.

## COUNT SEVEN

34. Responding to paragraph 84 of the complaint, Costco's responses to paragraphs 1-44, above, are realleged and incorporated by reference as if set forth in full.

35. Denies the allegations of paragraphs 85-92.

## COUNT EIGHT

36. Responding to paragraph 93 of the complaint, Costco's responses to paragraphs 1-44, above, are realleged and incorporated by reference as if set forth in full.

37. Denies the allegations of paragraphs 94-96.

## FIRST AFFIRMATIVE DEFENSE

The use of the word Tiffany complained of by Plaintiffs constitutes "use, otherwise than as a mark, . . . of a term . . . which is descriptive of and used fairly and in good faith only to describe" such settings. 15 U.S.C. § 1115(b)(4).

## SECOND AFFIRMATIVE DEFENSE

The word Tiffany is a generic term for ring settings comprising multiple slender prongs extending upward from a base to hold a single gemstone, exemplified by the type of ring setting depicted on page 1, above, and by settings depicted, described, or referred to in Exhibit 1 as Tiffany settings.

## THIRD AFFIRMATIVE DEFENSE

Insofar as the Plaintiffs complain of acts or omissions that occurred prior to February 14, 2007, the Plaintiffs' claims are barred by the applicable New York statute of limitations.

## COUNTERCLAIM

As and for a compulsory counterclaim in this action, pursuant to Federal Rules of Civil Procedure 13(a), Costco alleges:

1. Counter-plaintiff Costco Wholesale Corporation ("Costco") is a corporation organized and existing under the laws of the State of Washington, having its principal place of business in Issaquah, Washington.

2. On information and belief, counter-defendant Tiffany and Company ("TAC") is a corporation organized and existing under the laws of Delaware, having its principal place of business in New York, New York.

3. On information and belief, counter-defendant Tiffany (NJ) LLC ("TNJ") is a limited liability company organized and existing under the laws of Delaware, having its principal place of business in Parsippany, New Jersey.

4. The court has subject matter jurisdiction to hear this counterclaim under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332(a), and 1367. The parties are of diverse citizenship,

and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

5. On February 14, 2013, TAC and TNJ filed a complaint (the "Complaint") which initiated this Civil Action No. 13-1041.

6. In their Complaint, TAC and TNJ alleged that TNJ owned (i) Reg. No. 23,573 for TIFFANY & CO.; (ii) Reg. No. 133,063 for TIFFANY; (iii) Reg. No. 1,228,189 for TIFFANY & CO.; (iv) Reg. No. 1,228,409 for TIFFANY; and (v) Reg. No. 4,018,341 for T & CO. (collectively, the "TNJ Registrations").

7. In their Complaint, TAC and TNJ asserted that the TNJ Registrations evidenced legal rights to exclude Costco from using the word Tiffany to indicate that a ring has a Tiffany setting, *i.e.*, a setting comprising multiple slender prongs extending upward from a base to hold a single gemstone, exemplified by the type of setting depicted on page 1, above, and by settings depicted, described, or referred to in Exhibit 1 as Tiffany settings.

8. Costco has denied that TAC or TNJ have any legal right to exclude Costco from using the word Tiffany to indicate that a ring has a Tiffany setting, *i.e.*, a setting comprising multiple slender prongs extending upward from a base to hold a single gemstone, exemplified by the type of setting depicted on page 1, above, and by settings depicted, described, or referred to in Exhibit 1 as Tiffany settings.

9. The word Tiffany is a generic term for a ring setting comprising multiple slender prongs extending upward from a base to hold a single gemstone, exemplified by the type of setting depicted on page 1, above, and by settings depicted, described, or referred to in Exhibit 1 as Tiffany settings.

10. An actual controversy exists between Costco and Plaintiffs concerning whether the Plaintiffs have any valid legal right to exclude Costco from using the word Tiffany to indicate that a ring has a Tiffany setting, *i.e.,* a setting comprising multiple slender prongs extending upward from a base to hold a single gemstone, exemplified by the type of setting depicted on page 1, above, and by settings depicted, described, or referred to in Exhibit 1 as Tiffany settings.

11. An actual controversy exists between Costco and Plaintiffs concerning whether this lawsuit was filed and publicized by Plaintiffs for improper purposes, including to hinder lawful competition from Costco in the retail sale of genuine diamond rings whose quality is comparable to that of certain diamond rings sold by TAC but are offered by Costco at lower prices than TAC offers.

12. As characterized and asserted in the Complaint, the TNJ Registrations encompass generic uses of the word Tiffany and to that extent, the TNJ Registrations are invalid.

13. An actual controversy exists between Costco and Plaintiffs with respect to whether the TNJ Registrations are partially invalid and subject to restriction or partial cancellation under 15 U.S.C. § 1119.

WHEREFORE, Costco prays that the Court:

i. Dismiss the Plaintiffs' Complaint with prejudice;

ii. Declare, adjudge, and decree that the TNJ Registrations are invalid insofar as they purport to evidence claims of right to exclude use of the word Tiffany to describe or refer to Tiffany settings;

iii. Declare, adjudge, and decree that the TNJ Registrations be modified and restricted to make clear that Tiffany is a generic term for the general type or style of setting depicted on page 1, above, or depicted, described, or referred to in Exhibit 1 as a Tiffany setting;

    iv.    Declare, adjudge, and decree that Costco's past use of the word Tiffany has not infringed or invaded any legal rights of the Plaintiffs;

    v.    Declare that this is an "exceptional case" that warrants an award of attorneys' fees against TAC and TNJ;

    vi.    Award Costco such other and further equitable relief as the Court may deem just and proper.

Dated: New York, New York
March 8, 2013

FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP

By: _____
James W. Dabney
Victoria J.B. Doyle
Richard M. Koehl

One New York Plaza
New York, New York 10004-1980
(212) 859-8000

*Attorneys for Defendant/Counter-Plaintiff
Costco Wholesale Corporation*

8900289