DICKSTEIN SHAPIRO LLP
Jeffrey A. Mitchell
1633 Broadway
New York, New York  10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501
mitchellj@dicksteinshapiro.com
Attorneys for Plaintiffs
Tiffany and Company and Tiffany (NJ) LLC


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIFFANY AND COMPANY and TIFFANY (NJ) LLC,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | **ECF Case**<br><br>Civil Action No. 13 CV 1041 (LTS)<br><br>(Jury Trial Demanded) |

## REPLY TO COUNTERCLAIM

Plaintiffs, Tiffany and Company ("TAC") and Tiffany (NJ) LLC ("TNJ") (collectively, TAC and TNJ are referred to as "Tiffany"), by their attorneys, Dickstein Shapiro LLP, for their Reply to the Counterclaim filed by defendant Costco Wholesale Corporation ("defendant"), allege as follows:

In response to the paragraphs without numbers appearing on pages 1 and 2 (the "Unnumbered Paragraphs") of the document filed by defendant captioned "Answer and Counterclaim" (the "Counterclaim"), Tiffany alleges as follows:

1.     Deny the allegations made in the Unnumbered Paragraphs, except admit that defendant's conduct was willful, and that the Tiffany Trademarks[1] were intentionally used by defendant, and without any publicly displayed disclaimers, to offer for sale replicas of authentic Tiffany engagement rings to unsuspecting Costco members.

2.     The Complaint does not allege that defendant used the phrase "Tiffany Setting," but instead described the engagement rings being sold in its stores as "TIFFANY."   The POS Signs said, "PLATINUM TIFFANY .70 VS2, 1 ROUND DIAMOND RING," and "PLATINUM TIFFANY VS2.1 1.00CT ROUND BRILLIANT SOLITAIRE RING." Accordingly, there is no case or controversy over the facts as alleged in the Counterclaim.

3.     With respect to the allegations made in the Unnumbered Paragraphs concerning the phrase "Tiffany® Setting," that phrase describes only one thing, a particular style of engagement ring that was designed by Charles Lewis Tiffany, who founded Tiffany in 1837, and which was launched by Tiffany in 1886.   The *Tiffany® Setting* has been continuously manufactured by Tiffany, in accordance with strict proprietary standards and specifications, for well over a century.   Those proprietary specifications set standards for, among other things, the quality and visual appearance of the ring itself, including the shank, head and prongs, the quality of the diamond, and the manner in which the diamond must be set.   Only a ring made by Tiffany, and certified following inspection by Tiffany as meeting all of Tiffany's strict standards and specifications, is a *Tiffany® Setting*.

4.     An authentic *Tiffany® Setting* is described on the Tiffany website, where the phrase appears along with the "®" symbol following the word "Tiffany" to denote trademark

---

[1] Tiffany hereby incorporates by reference the terms defined in the Complaint filed in this action.

DOCSNY-532093

protection for the "Tiffany" portion of the phrase in compliance with 15 U.S.C. § 1111.  The correct description of a *Tiffany® Setting*, which appears on the website, is:

> This round brilliant diamond solitaire in a six-prong setting was designed by Charles Lewis Tiffany over a century ago.  It lifts the stone up into the light where its precise faceting can release its superior brilliance, dispersion and scintillation.  The Tiffany Setting has been copied but never equaled.

5.     Unlike an authentic *Tiffany® Setting*, the definitions offered by defendant as Exhibit 1 to the Counterclaim, culled from an ad-hoc sampling of unreliable sources (including a book called *Wedding Planning for Dummies*), does not even show consistency from source-to-source.  For example, one source says the diamond "is *generally* round" (emphasis added), and there needs to be a "six high prong head (*frequently four prong*)." (emphasis added)  Another source wrongly says the setting is "named after *Louis C.* Tiffany," and "the stone is held by *four to six* prongs, depending on the shape of the diamond." (emphasis added)  *Wedding Planning for Dummies* says, "A six-prong setting is often called a Tiffany setting."  *Wikipedia* claims a "Tiffany setting is a set of prongs (called a claw, crown, or coronet) that hold a gemstone and attach it to a plain band ring…*It is named after Tiffany & Co*., which popularized it." (emphasis added)  Indeed, if these definitions are taken together at face value, any engagement ring with prongs could be called a *Tiffany®*, which clearly is not so.

6.     The *Tiffany®* mark is a federally registered incontestable trademark, has been continuously used for over 175 years, and enjoys worldwide fame and recognition as designating superior goods from Tiffany.  A *Tiffany® Setting* is only one that is manufactured and certified by Tiffany as being in accordance with Tiffany's strict standards and specifications.  It is available from only one place – Tiffany.  Anything else is a fake.

3

7.    Prior to filing the Counterclaim, defendant's CEO sent an e-mail to all Costco employees in response to the Complaint filed in this action in which he admitted that, "In retrospect, it would have been better had we not used that description the way we did."

8.    Tiffany lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant's general practices over the past decade in connection with its sale of counterfeit Tiffany rings.   However, with respect to the rings observed in November 2012 as falsely being offered by POS Signs as "Tiffany" in the Huntington Beach, California Costco store, even the salesperson falsely described those rings as "Tiffany," and there was no disclaimer or other notice to warn Costco members otherwise.   Defendant's explanation for its misconduct, offered by way of the Unnumbered Paragraphs and Counterclaim, fails to address or excuse the fact that it intentionally tried to create replicas of authentic Tiffany rings, and then offered them for sale by POS Signs that falsely identified those rings as "Tiffany" when defendant knew they were not.   The POS Signs did not say "Tiffany Setting," and the Counterclaim concerning that phrase was included for the improper purpose of deflecting public attention from what it was that defendant actually did.

9.    Tiffany lacks knowledge or information sufficient to form a belief as to the truth of the allegation that defendant used generic packaging to deliver counterfeit Tiffany rings to Costco members.   Regardless, Costco members are accustomed to Costco repackaging authentic merchandise or selling what are known as gray market goods at reduced prices, so the packaging in which the subject rings were delivered – which was only given to the customer after payment and was not displayed in the jewelry case along with the product and counterfeit POS Signs – is not relevant to the claims made by Tiffany in this action, nor does it establish lack of customer confusion.

DOCSNY-532093

For their answer to the numbered paragraphs of the Counterclaim, TAC and TNJ allege as follows:

1.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 1 of the Counterclaim, and therefore deny them.

2.      Admit the allegations made in paragraph 2 of the Counterclaim.

3.      Admit the allegations made in paragraph 3 of the Counterclaim.

4.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 4 of the Counterclaim, and therefore deny them, except admit that defendant purports to state claims under the statutory sections cited.

5.      Admit the allegations made in paragraph 5 of the Counterclaim.

6.      Admit the allegations made in paragraph 6 of the Counterclaim.

7.      Deny the allegations made in paragraph 7 of the Counterclaim, except admit that Tiffany has asserted trademark and other claims against defendant in this action, and respectfully refer the Court to the Complaint filed herein for the precise claims asserted.

8.      Deny the allegations made in paragraph 8 of the Counterclaim, except admit that defendant has filed an answer and counterclaim, and respectfully refer the Court to the Counterclaim for the precise allegations made by defendant therein.

9.      Deny the allegations made in paragraph 9 of the Counterclaim.

10.     Deny the allegations made in paragraph 10 of the Counterclaim.

11.     Deny the allegations made in paragraph 11 of the Counterclaim.

12.     Deny the allegations made in paragraph 12 of the Counterclaim.

13.     Deny the allegations made in paragraph 13 of the Counterclaim.

DOCSNY-532093

## FOR A FIRST AFFIRMATIVE DEFENSE

14.     Defendant has already admitted that its use of the Tiffany Trademarks as alleged in the Complaint was unlawful by removing the POS Signs described therein.  It is therefore estopped from pursuing the Counterclaim.

## FOR A SECOND AFFIRMATIVE DEFENSE

15.     There is no case or controversy.  The Complaint alleges that defendant used the Tiffany Trademark "Tiffany" to describe replicas of actual Tiffany engagement rings, and not the phrase "Tiffany Setting" for which defendant seeks a declaration.

## FOR A THIRD AFFIRMATIVE DEFENSE

16.     The Counterclaim fails to state a claim for which relief can be granted.

## FOR A FOURTH AFFIRMATIVE DEFENSE

17.     The exhibits annexed to defendant's Counterclaim fail to establish a common definition for the phrase "Tiffany Setting," let alone a definition consistent with the one that appears on the Tiffany website on which the "®" designation after the word "Tiffany" is clearly displayed as required by 15 U.S.C. § 1111.

## FOR A FIFTH AFFIRMATIVE DEFENSE

18.     A *Tiffany® Setting* is one that has been manufactured under the supervision and authority of Tiffany in accordance with strict standards and specifications, and following completion, has been inspected and certified by Tiffany as complying with all of those proprietary standards and specifications.  None of the rings sold by defendant qualified as a *Tiffany® Setting*.

DOCSNY-532093

### FOR A SIXTH AFFIRMATIVE DEFENSE

19.    There was no need to use the Tiffany Trademarks to describe the rings at issue since they are accurately described without using the word "Tiffany" at all.

20.    Defendant sold other of its engagement rings and fine jewelry by referring only to the product's features, such as metal composition (platinum, 18k gold, 15k gold, etc.), diamond size, diamond quality, and diamond shape, without reference to any well-known trademarks whatsoever.  Indeed, at the same time defendant identified the engagement rings at issue in this action in its stores as "Tiffany," it was selling the same rings online by only describing their features, and without referring to "Tiffany" in any manner.  The foregoing constitutes a waiver of the Counterclaim, and an admission that defendant's sole purpose in seeking a declaration is to improperly obtain approval of the Court to infringe on Tiffany's longstanding and incontestable intellectual property rights.

### FOR A SEVENTH AFFIRMATIVE DEFENSE

21.    The phrase "Tiffany Setting" is not generic.

### FOR AN EIGHTH AFFIRMATIVE DEFENSE

22.    The phrase "Tiffany Setting" is not generic to defendant's members, the only people who have access to its warehouse stores.

### FOR A NINTH AFFIRMATIVE DEFENSE

23.    Defendant had no right to use the word "Tiffany" in any manner to describe engagement rings that Tiffany had nothing to do with, most especially because there was a more accurate and perfectly descriptive non-infringing way to do so.

### FOR A TENTH AFFIRMATIVE DEFENSE

24.    Defendant admits by the Counterclaim that its use of the Tiffany Trademarks was willful, and not the result of a mistake.  It also admits that despite knowing that Tiffany owned

7

and controlled the Tiffany Trademarks, and had used the Tiffany Trademarks for over 175 years, it did not have permission from Tiffany to use the Tiffany Trademarks in the manner alleged in the Complaint, nor did it obtain a declaratory judgment in advance that it was authorized to do so.  As a result, defendant voluntarily assumed the risk of the consequences of its actions, and the use described in the Complaint therefore qualifies as willful under the law.   Upon entry of judgment in its favor, Tiffany is therefore entitled to recovery of, *inter alia*, statutory damages, treble damages, punitive damages, costs and attorneys' fees as alleged in the Complaint.

WHEREFORE, Tiffany respectfully requests that the Court enter judgment in its favor granting the relief sought in the Complaint, dismissing the Counterclaim, and awarding Tiffany such other further and different relief as it deems just and proper.

### DEMAND FOR TRIAL BY JURY

Tiffany hereby demands trial by jury of all issues in this action so triable.

Dated:      New York, New York
            March 14, 2013

                              DICKSTEIN SHAPIRO LLP


                              By:___s/Jeffrey A. Mitchell_____
                                     Jeffrey A. Mitchell
                              1633 Broadway
                              New York, New York  10019-6708
                              Telephone: (212) 277-6500
                              Facsimile: (212) 277-6501
                              mitchellj@dicksteinshapiro.com
                              Attorneys for Plaintiffs
                              Tiffany and Company and Tiffany (NJ) LLC

DOCSNY-532093