DICKSTEIN SHAPIRO LLP
Jeffrey A. Mitchell
Don Abraham
Judith Cohen
1633 Broadway
New York, New York  10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501
mitchellj@dicksteinshapiro.com
abrahamd@dicksteinshapiro.com
cohenjudith@dicksteinshapiro.com
Attorneys for Plaintiffs
Tiffany and Company and Tiffany (NJ) LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIFFANY AND COMPANY and TIFFANY (NJ) LLC, <br><br> Plaintiffs, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, <br><br> Defendant. | No. 13 CV 1041 (LTS)(DCF) <br><br> ECF Case <br><br> **REPLY DECLARATION OF JEFFREY A. MITCHELL IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS** |

I, Jeffrey A. Mitchell, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney admitted to practice before the courts of the State of New York and the United States District Court for the Southern District of New York, and am a partner of the firm of Dickstein Shapiro LLP, attorneys for Plaintiffs Tiffany and Company and Tiffany (NJ) LLC (collectively, "Tiffany").

2. I respectfully submit this declaration in support of Tiffany's motion for summary judgment dismissing the Counterclaim filed by defendant Costco Wholesale Corporation, or in the alternative, for judgment of dismissal of the Counterclaim pursuant to Fed. R. Civ. P. 12(c).

3. I am submitting this Reply Declaration to place true and correct copies of certain documents before the Court for consideration on Tiffany's motion. I make this Reply Declaration on personal knowledge that these documents are as I describe them.

4. I am also responding to the criticism by Defendant Costco Wholesale Corp. ("Costco") regarding my prior Declaration dated April 17, 2013, to the effect that it was not based upon my personal knowledge. As is clear from my Declaration, I was merely placing several documents (Exhibits A-M) before the Court as part of the summary judgment record. I had and have personal knowledge of these documents in my role as litigation counsel, and they cannot be legitimately disputed.

5. In addition, as I stated at the May 3, 2013 status conference, Tiffany moved under both Rules 12(c) and 56 of the Federal Rules of Civil Procedure, because extraneous evidence was not necessary but the Court might consider a few documents. *See* Tr. 13:19-24, May 3, 2013. Tiffany included both rules to avoid any question as to whether these few documents might or might not be considered as part of its motion.

6. Annexed hereto are true and correct copies of the following exhibits:

- Exhibit N is an April 5, 2013 letter from Doug Schutt, EVP-Merchandising, Costco Wholesale to Costco Members "who purchased a diamond ring at one of our Costco warehouses."

- Exhibit O consists of online product listings printed on May 14, 2013 from goldnwax.com and stuller.com, two of the sellers cited by Costco in its counterclaim as using the word "Tiffany" in describing certain items. The listings were printed after my communications with these sellers asking

that the improper references to "Tiffany" cited by Costco be removed, and reflect that these sellers complied and removed the infringing references.

- Exhibit P are my communications with Amazon.com concerning infringing references to "Tiffany," and its confirmation that it would assure that the references in question would be removed.

- Exhibit Q is a copy of the cover of the November 2012 issue of Costco's online publication *The Costco Connection*, and the page from that issue advertising diamond jewelry. One item listed is "Diamond Solitaire Ring – This classic solitaire features a .70 ct. round brilliant-cut diamond. Set in platinum. Item #639911." That is the same design and product number as one of the rings sold in Costco stores as "TIFFANY." (*See* Ex. R.) The copy attached hereto was printed on May 16, 2013. The advertisement is identical to the one included as Exhibit J to my prior Declaration (this appears in two pages here as it has been enlarged for ease of viewing), and is being resubmitted here in a different format to respond to the false claim made by Costco in its response to Plaintiffs' Rule 56.1 Statement that this advertisement was from February 5, 2013.

    While the ad in my prior Exhibit J clearly states on the top "Costco Connection – November 2012 – Page 20-21" and shows that Costco's online advertising did not contain the word Tiffany <u>at that time</u> (which was before Tiffany had sent its demand letter to Costco [Exhibit R]), Costco has falsely asserted that the reason "Tiffany" is not in the advertisement is because it ceased using that word after receiving notice of

this dispute. (Costco's Rule 56.1 Statement, Def.'s Resp. to Pls.' Assertion No. 30.) It has also misrepresented the Costco online advertisement as being "<u>dated February 5, 2013</u>" in its opposition Memorandum of Law. (Costco Br. 14 ¶ (vi) (emphasis added).) As the exhibit plainly shows, the ad is not dated February 5, 2013; February 5, 2013 was the date automatically inserted as a legend by Internet Explorer when the ad was printed, a fact of which Costco was well aware, in particular because years of back issues of *The Costco Connection* are available, month-by-month, at the web address http://www.costcoconnection.com/connection/201305#pg1 under the tab "back issues." (last checked May 15, 2013.) However, I am submitting the front cover of this November 2012 publication to dispel any doubt as to the date of the ad, and that it was published before Costco was put on notice of Tiffany's claims.

- Exhibit R is a copy of my December 10, 2012 letter to Richard J. Olin, Esq., Vice President and General Counsel of Costco. This is the first communication to Costco on behalf of Tiffany which raised any issue concerning Costco's designation of diamond rings as "TIFFANY," and is plainly <u>after</u> the November 2012 publication date of Exhibit Q.

- Exhibit S is a copy of the cover of the December 2005 issue of *The Costco Connection* and an ad from that issue, which was printed on May 16, 2013. This depicts the same style of six-pronged diamond ring as is at

issue in this action <u>without</u> use of "TIFFANY," seven years before Exhibit R was received by Costco.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 16, 2013 at New York, New York.

s/Jeffrey A. Mitchell<br>
Jeffrey A. Mitchell