UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

TIFFANY AND COMPANY and
TIFFANY (NJ) LLC,

        Plaintiffs,

  -v-                                             No.  13 Civ. 1041 (LTS)(DCF)

COSTCO WHOLESALE CORP.,

        Defendant.

----------------------------------------------------------x

AMENDED MEMORANDUM ORDER[1]

        Defendant Costco Wholesale Corporation ("Costco") objects, pursuant to Federal Rule of Civil Procedure 72(a), to an August 23, 2013, oral ruling by Magistrate Judge Debra Freeman denying Costco's motion for a protective order.  This case arises out of claims brought by Plaintiffs Tiffany and Company ("Tiffany and Co.") and Tiffany (NJ) LLC (collectively, "Tiffany") against Costco under both federal and New York state law for trademark infringement, dilution, counterfeiting, unfair competition, injury to business reputation, false and deceptive business practices and false advertising.  The Court has jurisdiction of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367(a).  The Court has considered carefully the parties' submissions and arguments.  For the following reasons, the Court overrules Costco's objection in its entirety.  Judge Freeman's Order will stand.

---

[1] This Order amends the previous Memorandum Order, which incorrectly stated in one sentence that Plaintiffs objected to Magistrate Judge Freeman's August 23, 2013, Order.

BACKGROUND

Tiffany brought this suit, alleging that Costco misled Costco members, thus giving rise to the claims asserted here, by selling engagement rings in its retail stores between 2007 and 2012, with in-store signs describing the rings using the word,"Tiffany."  Costco disputes Tiffany's claims, alleging that the word "Tiffany" referred to the style of the ring setting, and counterclaims, arguing that Costco was legally entitled to use the word "Tiffany" to describe the setting due to the term's genericization.

As part of its pretrial discovery requests, Tiffany made a document request to Costco, seeking the disclosure of the personal identities of all of the Costco members who purchased the subject rings so that Tiffany could conduct private telephonic interviews with them regarding their purchase decisions.  Costco had previously compiled this information when the lawsuit was filed and, on April 5, 2013, had sent a letter to the approximately 2,500 Costco members who had purchased the subject rings explaining the case to them.  (Costco Objection, Ex. 3.)  Costco moved for a protective order quashing the request, arguing that granting Tiffany's request would cause Costco extreme prejudice and that the proposed telephone interviews would not yield evidence from which any scientific conclusion about the subject population could be drawn.  Costco proposed, instead, that a questionnaire be administered to the relevant purchasers by a neutral and independent third party.

After the parties submitted letters and Magistrate Judge Freeman heard oral argument on these issues, on August 23, 2013, Judge Freeman denied Costco's motion for a protective order in its entirety, finding that providing the customer list to Tiffany would not cause Costco to suffer a competitive disadvantage.  Costco now seeks review and reversal of Judge Freeman's ruling.

DISCUSSION

Judge Freeman's August 23, 2013, Order is a non-dispositive pretrial order reviewable under Federal Rule of Civil Procedure 72(a). Under Rule 72(a), "[t]he district judge . . . must consider timely objections [to the magistrate judge's decision] and modify or set aside any part of the order that is clearly erroneous or contrary to law." A ruling is "clearly erroneous where on the entire evidence, the [district court] is left with the definite and firm conviction that a mistake has been committed." Equal Emp't Opportunity Commission v. Teamsters Local 804, No. 04 civ. 2409(LTS), 2006 WL 44023, at *1 (S.D.N.Y. Jan. 9, 2006) (internal quotation marks and citations omitted). An order is considered to be "'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Collens v. City of New York, 222 F.R.D. 249, 251 (S.D.N.Y. 2004) (citation omitted). However, the fact that "reasonable minds may differ on the wisdom of granting [a party's] motion is not sufficient to overturn a magistrate judge's decision." Edmonds v. Seavey, No. 08 Civ. 5646(HB), 2009 WL 2150971, at * 2 (S.D.N.Y. July 20, 2009) (internal quotation marks and citation omitted). "[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." Thai Lao Lignite (Thailand) Co. v. Gov. Lao People's Democratic Republic, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013) (internal quotation marks and citations omitted).

Costco argues that Judge Freeman's ruling should be reversed and that Costco should be granted a protective order, preventing it from having to disclose the purchaser's identity information to Tiffany and prohibiting Tiffany from conducting direct interviews of the relevant Costco ring purchasers in the first instance. Costco contends that it faces an extreme

risk of commercial prejudice in that, if Tiffany interviews these purchasers telephonically, Tiffany will attempt to convince them that they were sold "counterfeit diamond rings." Costco also argues that the evidence that Tiffany seeks to generate is non-probative, as Tiffany must show that "numerous" Costco members, who are ordinarily prudent, were confused by Costco's in-store signs. Costco asserts that conducting this telephonic poll would cause Costco irreparable loss of the opportunity to conduct a scientific study of Costco members.

        The Court finds that, despite multiple attempts to prevent Tiffany from obtaining this information, Costco still has not met its burden of showing why the protective order is necessary. Costco has not provided evidence of a substantial risk of commercial interference and has itself already contacted the relevant Costco members who purchased the rings. As Judge Freeman pointed out, Costco has failed to acknowledge the effect of its own letter that was sent to these purchasers in April of 2013. (Aug. 23 Tr. 19:4-14.) Costco's fear that Tiffany will try to convince Costco members that they were sold counterfeit rings is not supported by the record and Judge Freeman's finding that there was no "huge competitive disadvantage here to producing the list" was not clearly erroneous or contrary to law. (Aug. 23 Tr. 21:14-21.) Neither was Judge Freeman's decision that Tiffany is entitled to this information, because the purchasers are material fact witnesses, clearly erroneous or contrary to the law. (Tr. 12:7-15:11, 17:22-18:11, 21:22-22:7.) Moreover, Costco could perform a scientific study. Costco has had this information for months, and it has not established that disclosure to Tiffany will thwart a scientific study. Accordingly, Judge Freeman's Order will stand.[2]

---

[2] On October 4, 2013, the Court struck Costco's reply brief, which had been filed, without Court permission, in support of its objection. Costco then filed a request for reconsideration of the Court's decision to strike the reply brief. "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," Drapkin v. Mafco Consol. Group, Inc., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal quotation marks and

CONCLUSION

For these reasons, Costco's objection is overruled in its entirety.  The parties are directed to comply with the guidelines in the Pretrial Scheduling Order issued on October 4, 2013.

SO ORDERED.

Dated: New York, New York
       October 18, 2013

/S
LAURA TAYLOR SWAIN
United States District Judge

---

citation omitted) and "[t]he threshold for prevailing on a motion for reconsideration is high." <u>Nakshin v. Holder</u>, 360 F. App'x 192, 193 (2d Cir. 2010).  Costco's objection was filed pursuant to Rule 72(a), which does not require the Court to permit a party to file a reply in support of an objection.  Accordingly, Costco's motion for reconsideration is denied and the Court will not consider Costco's reply.