UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TIFFANY AND COMPANY, et al.,                    :

                Plaintiff,                    :         13 Civ. 1041 (LTS) (DF)

    -against-                                         :         **ORDER**

COSTCO WHOLESALE CORPORATION,         :

                Defendant.                   :
------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge.**

      Currently before the Court is a letter motion (Dkt. 63) by plaintiffs Tiffany and Company and Tiffany (NJ) LLC (collectively, "Tiffany") and Tiffany's litigation counsel, Dickstein Shapiro LLP ("Dickstein") to quash a subpoena served on Dickstein by defendant Costco Wholesale Corporation ("Costco"). The Court having reviewed the motion, opposition, and reply submissions, as well as the authority cited therein; and having determined that the parties' arguments are well presented in those submissions and that no further argument is necessary at this time; it is hereby ORDERED that the motion to quash is granted, without prejudice to Costco to return to the Court and seek leave to reopen the subpoena, after further discovery.

      Costco does not need to obtain discovery from Dickstein in order to determine what statements were made by that firm that may have been damaging to Costco. Dickstein's statements (attributed to lead counsel Jeffrey Mitchell, Esq. ("Mitchell")) were made in a written press release, and there is no question as to what the statements were. Further, Costco does not need to obtain discovery from Dickstein in order to explore the truth or falsity of the factual assertions made in the press release (*e.g.*, whether hundreds of Costco customers thought they bought Tiffany engagement rings at Costco). Such truth or falsity turns on underlying

information not in the unique knowledge or possession of Tiffany's litigation counsel. Finally, Costco has not shown that it needs a deposition from Mitchell or any other representative of the Dickstein firm in order to ascertain whether any statements contained in the press release, if false, were made in bad faith, for improper purposes. It appears from the record that there are other witnesses, besides Tiffany's litigation counsel, who likely have knowledge as to how and why the press release was written, and of the information on which it was based. Given the potentially disruptive effect of targeting adversary counsel directly in discovery, Costco should make all reasonable efforts to obtain this information from other witnesses first, before seeking it from Dickstein. If, after such other discovery, Costco can demonstrate that Dickstein in general, or Mitchell in particular, is likely to possess unique knowledge or information that is relevant to claims or defenses asserted in this action, then Costco may make such a showing to the Court, and the Court will consider it at that time.[1]

The Court has considered Costco's other arguments as to why the discovery sought from Dickstein – including discovery regarding the firm's contacts with Costco customers whose identities have been previously disclosed by Costco – should be permitted, and finds those other arguments to be unpersuasive, for substantially the reasons stated in Tiffany's papers.

---

[1] Of course, if Tiffany itself chooses to present testimony from Mitchell or any other representative of the Dickstein firm on any substantive matter at issue in this case, then the Court will either permit Costco to examine that witness, or will consider recommending that Tiffany be precluded from offering such testimony in evidence.

The Clerk of Court is directed to close the letter motion listed as Dkt. 63 on the Docket for this case.

Dated: New York, New York
       January 16, 2014

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)