**DICKSTEIN**SHAPIRO LLP

1633 Broadway | New York, NY 10019-6708
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

*Writer's Direct Dial: (212) 277-6691*
*Writer's Direct Fax: (917) 591-0941*
*E-Mail Address:  MitchellJ@dicksteinshapiro.com*

October 15, 2015

**Via ECF**

Hon. Laura Taylor Swain
U.S. District Court Judge
United States District Court S.D.N.Y.
500 Pearl Street
New York, New York  10007-1312

      Re:    *Tiffany and Company, et ano v. Costco Wholesale Corporation*
             Case No. 13 Civ. 1041 (LTS)(DCF)

Dear Judge Swain:

      We represent the Tiffany parties, and apologize in advance for having to involve the Court with scheduling issues, but we have unfortunately been unable to obtain needed cooperation from Defendant's counsel to timely comply with Your Honor's requirements for filing a Joint Final Trial Report and other submissions.  Given the pending deadlines, we respectfully request that the Court consider this submission on an expedited basis.  By endorsed order dated October 7, 2015 (ECF No. 185) Your Honor adjourned the conference to November 24, 2015 and adjourned the deadline for the various submissions, including motions *in limine*, to October 27, 2015.  Since counsel must cooperate with each other to prepare joint submissions, the next day (October 8) we emailed Defendant's counsel with a proposed schedule for the various parts of this pretrial process in order to assure there would be sufficient time to make all required joint submissions and motions.

      We suggested as a first step that counsel would exchange proposed exhibit lists the next day, October 9.  (Since the filing date had been October 13, 2015 until the Court issued its October 7 Order we thought it was reasonable to assume that Defendant's exhibit list was underway and could be provided by October 9.)  We heard nothing at all in response to our proposed schedule and sent another email at the end of the day on October 9 asking when we would have some response.  Again, only silence from Defendant's counsel on this subject, although counsel did send a letter on October 12 asking for our consent to take an out-of-time deposition, a separate problem discussed below.  We responded to that inquiry by letter dated October 13;  in that letter we asked if Defendant would continue to ignore our efforts to set a

**DICKSTEIN**SHAPIRO LLP

Hon. Laura Taylor Swain
October 15, 2015
Page 2

schedule, and advised that we would have to contact the Court if there was no response by the end of the day on October 14.

Thus we received a terse email from counsel yesterday afternoon, asserting that they do not think it necessary to begin the exchange this week and that defendant's submissions will be ready "soon". We responded promptly and asked for a date, and explained that we didn't want to be forced into an unnecessarily compressed schedule. Not surprisingly, we have not received any response to that email. By refusing to respond, Defendant's counsel ensures that it controls the schedule. (A copy of this email string is annexed hereto as Exhibit A; a copy of the October 12, 2015 letter from James Dabney is annexed hereto as Exhibit B and a copy of the October 13 letter from Jeffrey Mitchell is annexed hereto as Exhibit C.) This conduct, along with the recent attempt to appeal Your Honor's grant of partial summary judgment before trial claiming to the Second Circuit that the Court's interlocutory decision expressly denied injunctive relief even though none was ever requested, and that it deprives Costco of its First Amendment *right* to call its own rings "Tiffany", appears intended to impede the upcoming trial.

In the latest gambit mentioned above, counsel for Costco sent a letter earlier this week seeking to reopen discovery, asking our consent to depose non-party Target Research Group, the company hired to cold call purchasers in our effort to identify 25 who might be willing to speak with us and possibly testify. As explained in my October 13 letter to Mr. Dabney (Exhibit C), this belated request comes a year and a half after the discovery cut-off, not to mention after the Court granted Tiffany summary judgment of liability. Defendant had originally issued a subpoena on just ten days' notice to take a Target deposition on the last day for discovery in February 2014. We agreed as an accommodation to go a few weeks past that cut-off and tried to arrange a date in March 2014, but Defendant deferred pending a determination regarding a small number of Target documents. Ultimately, it dropped the deposition issue entirely. When we were before Your Honor for our pre-motion conference on May 13, 2014, Mr. Dabney said nothing about needing a deposition of Target, and by Order dated May 19, 2014 (ECF No. 114), when Magistrate Judge Freeman denied Defendant's motion with respect to the Target-related documents, she also said "the Court understands that the parties do not seek to take any further depositions." Defendant's counsel did not seek to correct Magistrate Judge Freeman's understanding and nor, until now, was there any renewed attempt to take Target's deposition. Costco falsely claimed on the motions for summary judgment (and in a recent filing with the Second Circuit), that the Target cold call sheets are survey evidence, which they are not. These are notes on a script read by cold callers searching for witnesses who might be willing to speak with us and perhaps testify. The notations on them are, at a minimum, rank hearsay. Regardless, this is not some newly discovered evidence, has nothing to do with the issues for a damages trial, and is untimely.

**DICKSTEIN**SHAPIRO LLP

Hon. Laura Taylor Swain
October 15, 2015
Page 3

  Finally, though the Court's Summary Judgment Opinion and Order directs the parties to engage in good faith settlement discussions in advance of the final pretrial conference, despite numerous attempts on our part, Costco has resisted multiple invitations to get such discussions started.

  Accordingly, we respectfully request that the Court direct that (i) Costco exchange exhibit lists by October 16, 2015 and cooperate in good faith to allow pretrial procedures to be completed on a timely basis, (ii) the Target deposition request is barred by the discovery cut-off in this case, and (iii) Costco engage in good faith settlement discussions, perhaps under the authority of Magistrate Judge Freeman, who can monitor those discussions and then report to Your Honor whether Costco has fulfilled its obligation to comply with the Court's order, failing which, sanctions in the form of costs and attorneys' fees may be imposed.

           Respectfully submitted,


           s/ Jeffrey A. Mitchell
           Jeffrey A. Mitchell


JAM

cc: Hughes, Hubbard & Reed, LLP

**EXHIBIT A**

**From:** Cohen, Judith
**Sent:** Wednesday, October 14, 2015 1:11 PM
**To:** 'Koehl, Richard M.'
**Cc:** Baratta, Emma L.; Lipman, Ross; Dabney, James W.; Mitchell, Jeffrey; Burns, Erin
**Subject:** RE: Tiffany v. Costco - pretrial submissions

When do you propose to give us your submissions and which submissions do you plan to exchange? Having waited 6 days for you to give us even this response, we can't leave this open-ended. Obviously, we disagree with your view that the exchange should not begin this week. Among other concerns, in addition to having enough time to formulate our respective objections and confer, we need enough time to prepare any necessary motions *in limine*. If we wait until next week to first start this process we will be operating on an unnecessarily compressed schedule, which can be avoided if we make a good-faith effort to agree to a reasonable timeline.

Judy

**Judith R. Cohen**
Dickstein Shapiro LLP
1633 Broadway | New York, NY 10019
Tel (212) 277-6565 | Fax (212) 277-6501
cohenj@dicksteinshapiro.com

**From:** Koehl, Richard M. [mailto:richard.koehl@hugheshubbard.com]
**Sent:** Wednesday, October 14, 2015 12:37 PM
**To:** Cohen, Judith
**Cc:** Baratta, Emma L.; Lipman, Ross; Dabney, James W.; Mitchell, Jeffrey; Burns, Erin
**Subject:** RE: Tiffany v. Costco - pretrial submissions

Dear Judy,

As our submissions aren't due to the Court until October 27, we do not think it is necessary to begin the exchange this week. We are still working on our submissions and expect to have them ready to exchange soon, and certainly with enough time for the parties to formulate our respective objections and confer.

Richard.

**Richard M. Koehl** | Associate

**Hughes Hubbard & Reed LLP**
One Battery Park Plaza | New York, NY 10004-1482
Office +1 (212) 837-6062 | Cell +1 (917) 856-3872
richard.koehl@hugheshubbard.com

**From:** Cohen, Judith [mailto:CohenJudith@dicksteinshapiro.com]
**Sent:** Friday, October 09, 2015 5:49 PM
**To:** Koehl, Richard M.
**Cc:** Baratta, Emma L.; Lipman, Ross; Dabney, James W.; Mitchell, Jeffrey; Burns, Erin
**Subject:** RE: Tiffany v. Costco - pretrial submissions

Dear Richard,

Will you be responding to my email with a proposed schedule? (Having not heard anything from you, at least today as the date to exchange exhibit lists must be adjusted.)

Please let us know your thoughts on this so we can come up with a workable schedule.

Judy

**Judith R. Cohen**
Dickstein Shapiro LLP
1633 Broadway | New York, NY 10019
Tel (212) 277-6565 | Fax (212) 277-6501
cohenj@dicksteinshapiro.com

**From:** Cohen, Judith
**Sent:** Thursday, October 08, 2015 4:55 PM
**To:** 'richard.koehl@hugheshubbard.com'
**Cc:** 'emma.baratta@hugheshubbard.com'; 'ross.lipman@hugheshubbard.com'; 'james.dabney@hugheshubbard.com'; Mitchell, Jeffrey; Burns, Erin
**Subject:** Tiffany v. Costco - pretrial submissions

Dear Richard,

As you know, pursuant to Pre-Trial Scheduling Order No. 4 and the Pilot Project several of the required submissions are to be filed as joint submissions and/or are to be exchanged prior to filing, so that the filing can note any objections (with legal citations where required). In addition, with respect to our proposed trial exhibits, we are to meet and confer regarding our respective objections to facilitate the filing of any *in limine* motions. We also are supposed to provide recommendations as to various trial logistics and an agreed schedule for our exchanges of deposition designations and demonstratives.

To get things going, we propose the following:

10/9 -  Exchange proposed exhibit lists (time to be agreed); Plaintiffs will use numbers and Defendant will use letters to identify their respective exhibits
10/13 – Exchange objections to exhibits
10/15 – Exchange proposed jury instructions;
         Meet and confer re objections to exhibits
10/19 – Exchange objections to jury instructions;
         Exchange proposed description of the case to be provided to the venire during voir dire
10/19 – Exchange recommendations on i) time limits for length of trial, and if appropriate, the division of time between the parties and the protocol for tracking             time; and ii) on the number of jurors and whether there can be a non-unanimous verdict;
         Exchange suggested schedules for the exchange of deposition designations, etc. and for the exchange of demonstratives.

Please let me know if I've left anything out or misread any of the instructions and whether you have any additional suggestions as to how to  get everything done.

Judy



**EXHIBIT B**

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

James W. Dabney
Direct Dial: 212-837-6803
Direct Fax: 212-299-6803
james.dabney@hugheshubbard.com

October 12, 2015

Judith R. Cohen, Esq.
Dickstein Shapiro
1633 Broadway, #2C2
New York, NY 10019

    Re:  Tiffany and Co. v. Costco Wholesale Corp.
         Case:  13 CV 1041-LTS-DCF

Dear Judith:

    We write with respect to the deposition of Target Research Group which was postponed by mutual agreement per the attached correspondence.

    We would appreciate your letting us know by return when Target Research Group will make a Rule 30(b)(6) designee available.

    Thank you.

                               Very truly yours,

                               James W. Dabney

Enclosure

**From:** Dabney, James W.
**Sent:** Friday, February 14, 2014 11:21 AM
**To:** 'Cohen, Judith'; Koehl, Richard
**Cc:** Doyle, Victoria; Mitchell, Jeffrey; Abraham, Don; Scher, Elizabeth
**Subject:** RE: Tiffany v. Costco - subpoena to Target Research Group

We are in agreement that the Target Research Group deposition and document production may be rescheduled from February 20 to a later date notwithstanding the discovery cut-off.

**From:** Cohen, Judith [mailto:CohenJudith@dicksteinshapiro.com]
**Sent:** Friday, February 14, 2014 10:26 AM
**To:** Koehl, Richard
**Cc:** Dabney, James W.; Doyle, Victoria; Mitchell, Jeffrey; Abraham, Don; Scher, Elizabeth
**Subject:** Tiffany v. Costco - subpoena to Target Research Group

Richard,
Regarding your subpoena to Target Research Group requiring a deposition and document production on January 20 (which, I understand, is nine days after service of the subpoena), there are a number of issues, including who will represent Target, the appropriate Target designee to testify and any privilege/work-product issues which may be implicated.  However, we are advised that Target has been closed yesterday and today due to the heavy snow in Rockland County and the individual at Target who will be responsible for responding to the subpoena and may be the deposition witness is unavailable on January 20 (and will not be available over the period from February 17 through February 21 ).   Without waiving  Target or Tiffany's rights to otherwise object to this subpoena, we request that this be rescheduled and will agree to deposition after the discovery cut-off for this limited purpose.

Please let us know whether you will agree as soon as possible.

Regards,
Judy
**Judith R. Cohen**
Dickstein Shapiro LLP
1633 Broadway | New York, NY 10019
Tel (212) 277-6565 | Fax (212) 277-6501
cohenj@dicksteinshapiro.com

**Confidentiality Statement**
This email message, including any attachments, is intended solely for the use of the addressee(s) named above.  This communication may contain privileged and/or confidential material.  If you are not the intended recipient, you have received this communication in error, and any review, use, printing, copying, or other dissemination of this email message is strictly prohibited.  If you are not the intended recipient, please notify the sender immediately by reply email message or notify our email administrator at postmaster@dicksteinshapiro.com and permanently delete and destroy the original message and any and all copies, including printouts and electronic copies on any computer system.
Dickstein Shapiro LLP
www.DicksteinShapiro.com

# EXHIBIT C

**DICKSTEIN**SHAPIRO LLP

1633 Broadway | New York, NY 10019-6708
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com
*(212) 277-6691 (Direct Dial)*
*(917) 591-0941 (Direct Fax)*
*MitchellJ@DicksteinShapiro.com*

October 13, 2015

**VIA EMAIL**

James W. Dabney, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York  10004-1482

      Re:    *Tiffany and Company, et ano v. Costco Wholesale Corporation*
              Case No. 13 Civ. 1041 (LTS) (DCF)

Dear Jim:

      We have your October 12, 2015 letter regarding a proposed deposition of Target Research Group ("Target").  We object to this deposition on a number of grounds, including your seeking this deposition for the first time five weeks after Judge Swain issued her opinion and two weeks before the extended date for our submission of the Joint Final Trial Report and related submissions.  We further note that the discovery cut-off in this case was February 20, 20*14*, and you did nothing until now to pursue a Target deposition.  There is also no new development that necessitates such a deposition that did not exist prior the filing of motions for summary judgment by the parties.  Beyond this untimely request, this deposition is not relevant to any claim remaining to be tried.

      In addition, we did not postpone this deposition by mutual agreement until after the Court decided our summary judgment motions, and your statement to that effect is self-serving and false.  After the February 14, 2014 email which you attached to your letter, we offered to produce a witness for deposition on March 20, 2014, and *you* elected to defer pending resolution of our work product claims with respect to certain Target documents.  (See March 17, 2014 emails between Richard Koehl and Don Abraham annexed hereto.)  During our May 13, 2014 pre-motion conference before Judge Swain, you advised the Court that you did not need this evidence before you filed your motion.  After Judge Freeman denied your motion to compel production of the Target documents by her May 19, 2014 Order, it was you then who dropped the issue entirely and did not seek to take the Target deposition before you filed your motion papers on May 22, 2014.  Indeed, you submitted the Target screening questionnaires and a false summary which you prepared as part of your moving papers (which we pointed out in response was not what you represented it to be), and even then, you did not seek a Target deposition.

**DICKSTEIN**SHAPIRO<sub>LLP</sub>

James W. Dabney, Esq.
October 13, 2015
Page 2

Please advise whether you will continue to press this request in light of the foregoing. Please also advise whether you will respond to our two prior emails seeking to set up a reasonable schedule for the various pre-trial submissions we are required to file by October 27, 2015, or whether you will continue to ignore these inquiries. If we do not hear from you by the end of the day tomorrow we will seek the Court's assistance in these matters. If you jump the gun and file something with Judge Swain before that time, please make sure to include this letter with any filing.

Finally, how about we try to do what Judge Swain directed and see if we can, as professionals, find a way to resolve this dispute before the pretrial conference. Why would any reputable retailer even want to resume the use of "Tiffany" to describe its own rings anyway? Are you at all interested in engaging in good faith settlement discussions, or are you and your client simply incapable of doing so? If the latter, we will advise the Court of that fact as well.

Very truly yours,

Jeffrey A. Mitchell

**From:** Koehl, Richard [mailto:Richard.Koehl@friedfrank.com]
**Sent:** Monday, March 17, 2014 3:00 PM
**To:** Abraham, Don
**Cc:** Dabney, James W.; Cohen, Judith; Scher, Elizabeth
**Subject:** RE: Tiffany v. Costco

Don,

We will defer the Target deposition pending resolution of the claims of work product protection that Plaintiffs have made.

Regards,
Richard.

**From:** Abraham, Don [mailto:AbrahamD@dicksteinshapiro.com]
**Sent:** Monday, March 17, 2014 2:03 PM
**To:** Koehl, Richard
**Cc:** Dabney, James W.; Cohen, Judith; Scher, Elizabeth
**Subject:** Tiffany v. Costco

Richard, I tried calling Jim, but was told he is not in today. With regard to my letter dated March 14, 2014, could you please confirm that the date and time we proposed for the Target deposition, **Thursday March 20, 2014 at 12 p.m.** is ok with you. If so, I need to make the arrangements today for a conference room. Thanks. -- Don

**Don Abraham**
Counsel
Dickstein Shapiro LLP
1633 Broadway | New York, NY 10019
Tel (212) 277-6674 | Fax (917) 591-2647
AbrahamD@dicksteinshapiro.com

**Confidentiality Statement**
This email message, including any attachments, is intended solely for the use of the addressee(s) named above. This communication may contain privileged and/or confidential material. If you are not the intended recipient, you have received this communication in error, and any review, use, printing, copying, or other dissemination of this email message is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by reply email message or notify our email administrator at postmaster@dicksteinshapiro.com and permanently delete and destroy the original message and any and all copies, including printouts and electronic copies on any computer system.
Dickstein Shapiro LLP
www.DicksteinShapiro.com

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.