# DICKSTEIN SHAPIRO LLP

1633 Broadway | New York, NY 10019-6708
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

*Writer's Direct Dial: (212) 277-6691*
*Writer's Direct Fax: (917) 591-0941*
*E-Mail Address: MitchellJ@dicksteinshapiro.com*

October 16, 2015

Hon. Laura Taylor Swain
U.S. District Court Judge
United States District Court S.D.N.Y
500 Pearl Street
New York, New York 10007-1312

      Re:    *Tiffany and Company, et ano v. Costco Wholesale Corporation*
             Case No. 13 Civ. 1041 (LTS)(DCF)

Dear Judge Swain:

      On behalf of Tiffany we respectfully request that the Court consider this brief reply to Costco's response (ECF No. 187) to our October 15, 2015 letter. (ECF No. 186.)

      It is apparent from Mr. Dabney's letter that he does not want to engage in the pre-trial process until the Second Circuit decides whether it will hear his appeal. However, the Court already has rejected his request for a stay (ECF No. 183) and Costco has not requested a stay from the Court of Appeals. Instead, Costco's counsel appears to be dragging his feet to effectively operate under a self-created stay, as reflected by the unreasonable proposal to first provide proposed exhibit lists and other submissions on October 22, 2015, only five days before all final submissions are required. It appears that Costco and its counsel would like to give the Court of Appeals time to decide Tiffany's motion to dismiss Costco's interlocutory appeal before they do anything to comply this Court's pretrial procedures. However, in the process, they are imposing their scheduling machinations on Tiffany, so as to require us to object to their submissions, respond to their objections to our submissions, meet and confer, prepare the joint documents required by Your Honor's rules and the Pilot Project and prepare motions *in limine*, all in the few days allotted by their schedule. As indicated in my October 15, 2015 letter, on October 8 we had proposed a reasonable schedule for this process, which Costco simply ignored. Tiffany should not be prejudiced in such a manner and forced to operate under the unreasonable time constrictions created by Costco's gamesmanship, and we respectfully request a direction from the Court that will permit Tiffany to prepare its pretrial submissions on a reasonable schedule, as set by the Court.

      With respect to the issue of the Target deposition, we disagree with Costco's spin on the supposed agreement to postpone this deposition until now, and its other arguments. In any case, we suggest that any decision on this deposition be deferred until the Court determines the motion *in limine* Tiffany expects to file on this issue. It appears from Mr. Dabney's reliance on

**DICKSTEIN**SHAPIRO LLP

October 16, 2015
Page 2

the scheduling order's provision permitting depositions of trial witnesses and from his discussion about the admissibility of exhibits that Costco intends to propose Target as a trial witness and the Target documents as trial exhibits. If so, we will seek the Court's *in limine* ruling via a motion and by doing so may moot the deposition issue entirely.

                    Respectfully submitted,

                    s/ Jeffrey A. Mitchell
                    Jeffrey A. Mitchell

JAM

cc:     Hughes, Hubbard & Reed, LLP