**DICKSTEIN**SHAPIRO LLP

1633 Broadway · New York, NY 10019-6708
tel (212) 277-6500 | fax (212) 277-6501 | dicksteinshapiro.com

*Writer's Direct Dial: (212) 277-6691*
*Writer's Direct Fax: (917) 591-0941*
*E-Mail Address: MitchellJ@dicksteinshapiro.com*



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-19-2015

October 15, 2015

**Via ECF**

Hon. Laura Taylor Swain
U.S. District Court Judge
United States District Court S.D.N.Y.
500 Pearl Street
New York, New York 10007-1312


MEMO ENDORSED

Re:   *Tiffany and Company, et ano v. Costco Wholesale Corporation*
       Case No. 13 Civ. 1041 (LTS)(DCF)

Dear Judge Swain:

We represent the Tiffany parties, and apologize in advance for having to involve the Court with scheduling issues, but we have unfortunately been unable to obtain needed cooperation from Defendant's counsel to timely comply with Your Honor's requirements for filing a Joint Final Trial Report and other submissions. Given the pending deadlines, we respectfully request that the Court consider this submission on an expedited basis. By endorsed order dated October 7, 2015 (ECF No. 185) Your Honor adjourned the conference to November 24, 2015 and adjourned the deadline for the various submissions, including motions *in limine*, to October 27, 2015. Since counsel must cooperate with each other to prepare joint submissions, the next day (October 8) we emailed Defendant's counsel with a proposed schedule for the various parts of this pretrial process in order to assure there would be sufficient time to make all required joint submissions and motions.

We suggested as a first step that counsel would exchange proposed exhibit lists the next day, October 9. (Since the filing date had been October 13, 2015 until the Court issued its October 7 Order we thought it was reasonable to assume that Defendant's exhibit list was underway and could be provided by October 9.) We heard nothing at all in response to our proposed schedule and sent another email at the end of the day on October 9 asking when we would have some response. Again, only silence from Defendant's counsel on this subject, although counsel did send a letter on October 12 asking for our consent to take an out-of-time deposition, a separate problem discussed below. We responded to that inquiry by letter dated October 13; in that letter we asked if Defendant would continue to ignore our efforts to set a

**DICKSTEIN**SHAPIRO LLP

Hon. Laura Taylor Swain
October 15, 2015
Page 2

schedule, and advised that we would have to contact the Court if there was no response by the end of the day on October 14.

  Thus we received a terse email from counsel yesterday afternoon, asserting that they do not think it necessary to begin the exchange this week and that defendant's submissions will be ready "soon". We responded promptly and asked for a date, and explained that we didn't want to be forced into an unnecessarily compressed schedule. Not surprisingly, we have not received any response to that email. By refusing to respond, Defendant's counsel ensures that it controls the schedule. (A copy of this email string is annexed hereto as Exhibit A; a copy of the October 12, 2015 letter from James Dabney is annexed hereto as Exhibit B and a copy of the October 13 letter from Jeffrey Mitchell is annexed hereto as Exhibit C.) This conduct, along with the recent attempt to appeal Your Honor's grant of partial summary judgment before trial claiming to the Second Circuit that the Court's interlocutory decision expressly denied injunctive relief even though none was ever requested, and that it deprives Costco of its First Amendment *right* to call its own rings "Tiffany", appears intended to impede the upcoming trial.

  In the latest gambit mentioned above, counsel for Costco sent a letter earlier this week seeking to reopen discovery, asking our consent to depose non-party Target Research Group, the company hired to cold call purchasers in our effort to identify 25 who might be willing to speak with us and possibly testify. As explained in my October 13 letter to Mr. Dabney (Exhibit C), this belated request comes a year and a half after the discovery cut-off, not to mention after the Court granted Tiffany summary judgment of liability. Defendant had originally issued a subpoena on just ten days' notice to take a Target deposition on the last day for discovery in February 2014. We agreed as an accommodation to go a few weeks past that cut-off and tried to arrange a date in March 2014, but Defendant deferred pending a determination regarding a small number of Target documents. Ultimately, it dropped the deposition issue entirely. When we were before Your Honor for our pre-motion conference on May 13, 2014, Mr. Dabney said nothing about needing a deposition of Target, and by Order dated May 19, 2014 (ECF No. 114), when Magistrate Judge Freeman denied Defendant's motion with respect to the Target-related documents, she also said "the Court understands that the parties do not seek to take any further depositions." Defendant's counsel did not seek to correct Magistrate Judge Freeman's understanding and nor, until now, was there any renewed attempt to take Target's deposition. Costco falsely claimed on the motions for summary judgment (and in a recent filing with the Second Circuit), that the Target cold call sheets are survey evidence, which they are not. These are notes on a script read by cold callers searching for witnesses who might be willing to speak with us and perhaps testify. The notations on them are, at a minimum, rank hearsay. Regardless, this is not some newly discovered evidence, has nothing to do with the issues for a damages trial, and is untimely.

**DICKSTEIN**SHAPIRO<sub>LLP</sub>

Hon. Laura Taylor Swain
October 15, 2015
Page 3

    Finally, though the Court's Summary Judgment Opinion and Order directs the parties to engage in good faith settlement discussions in advance of the final pretrial conference, despite numerous attempts on our part, Costco has resisted multiple invitations to get such discussions started.

    Accordingly, we respectfully request that the Court direct that (i) Costco exchange exhibit lists by October 16, 2015 and cooperate in good faith to allow pretrial procedures to be completed on a timely basis, (ii) the Target deposition request is barred by the discovery cut-off in this case, and (iii) Costco engage in good faith settlement discussions, perhaps under the authority of Magistrate Judge Freeman, who can monitor those discussions and then report to Your Honor whether Costco has fulfilled its obligation to comply with the Court's order, failing which, sanctions in the form of costs and attorneys' fees may be imposed.

    Respectfully submitted,

s/ Jeffrey A. Mitchell
Jeffrey A. Mitchell

JAM

cc: Hughes, Hubbard & Reed, LLP

*Handwritten order:* The Court has reviewed the parties' correspondence. The parties must exchange witness lists by October 21, 2015, and meet and confer by October 23, 2015. Costco may not depose a Target Research representative, as its request is untimely. The parties are directed to telephone Magistrate Judge Freeman's chambers to schedule a telephone conference for the week of October 26, 2015.

**SO ORDERED:**

/s/ _____ 10/19/15
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

DOCSNY-592638 v1