# DICKSTEIN SHAPIRO LLP

1633 Broadway | New York, NY 10019-6708
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

Direct Dial: (212) 277-6691
Direct Fax: (917) 591-0941
MitchellJ@dicksteinshapiro.com

December 30, 2015

**Via ECF**

Hon. Laura Taylor Swain
United States District Court Judge
United States District Court S.D.N.Y.
500 Pearl Street
New York, New York 10007-1312

    Re:    *Tiffany and Company, et. ano. v. Costco Wholesale Corporation*,
                Case No. 13 Civ. 1041(LTS)(DCF)

Dear Judge Swain:

    On behalf of Tiffany we write in response to the December 28, 2015 letter from Costco's counsel (ECF No. 264) regarding duplication of punitive awards and other matters.

    Tiffany objects to Costco's approach and proposed Special Verdict Form (the "Verdict Form"), which purport to preclude any jury consideration of punitive damages if the jury determines that any portion of statutory damages is punitive in nature. Pursuant to 15 U.S.C. § 1117(c) Tiffany may elect, at any time before final judgment is rendered by the trial court, to recover an award of statutory damages, instead of profits under subsection (a). If Tiffany does not so elect there will be no issue with respect to duplicative punitive awards and no impediment to its recovery of punitive damages.

    Costco's approach, however, improperly presumes that Tiffany will make this election and in so doing forecloses jury consideration of another category of damages available to Tiffany if it does not elect to recover statutory damages. In order to preserve Tiffany's unfettered right to make this election, whether or not the jury determines that its statutory damages award includes a punitive component it should proceed to consider Tiffany's state law punitive damages claim. If Tiffany thereafter elects to recover statutory damages (and the jury previously determined that these damages included a punitive component), the Court can adjust the final judgment accordingly.[1]

---

[1]     In *Louis Vuitton Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009), cited by Costco, although the plaintiff had not yet made clear whether it would seek statutory or actual damages, the magistrate judge assumed that the plaintiff in fact sought to

In addition, Tiffany notes that Costco's Verdict Form ignores certain rulings already issued by the Court and /or assumes favorable outcomes with respect to certain issues which the Court has taken under advisement. Ultimately, the verdict form must be consistent with the jury instructions and with the Court's rulings and Tiffany respectfully requests an opportunity to submit a revised verdict form once the Court rules on any pending items and issues its revised jury instructions. In the meantime and without prejudice to other objections it may have, Tiffany objects to the Costco Verdict Form in the following additional respects.

First, Costco's references to profits that Costco "currently retains" from sales transactions in Questions 1 and 3 of the Verdict Form may confuse the jury as to the profits subject to disgorgement. The verdict form should track a jury instruction as to how profits will be determined. (In this respect, the Court has taken under advisement Tiffany's proposed jury instruction No. 25. Hr'g Tr. 61:7-9, Dec. 21, 2015.)

Second, Costco's requirement in Question 1 of the Verdict Form that profits subject to recovery must be those from a sale in which the Costco member believed that he or she had purchased a Tiffany ring simply ignores the Court's clear and multiple rulings that "Tiffany need not prove actual confusion at trial [sic] evidence that some customers were not confused is not relevant." Hr'g Tr. 44:8-11; *see also id.* at 34:11-16, 61:17-19, 67:19-24. Likewise, by its grant of Tiffany's Motion *in Limine* No. 2, the Court has precluded Costco from arguing to the jury that consumer confusion evidence is required. *See id.* at 44:4-6; Tiffany MIL No. 2, at 1, ECF No. 214.

Third, it is unclear from the Costco Verdict Form that recovery of profits and recovery of statutory damages are alternative forms of recovery. If the Court is deleting from Tiffany's proposed jury instruction No. 30 the language concerning Tiffany's election, Hr'g Tr. 62:8-11, any verdict form should include language reflecting that statutory damages are an alternative to, and not in addition to, Tiffany's recovery of Costco's profits.

Fourth, instead of Costco's articulation of the signage in issue as including "TIFFANY without a following noun such as SETTING or SET"(Questions 2, 4 and 5), the Court's description "Tiffany with no following modifier signage," Hr'g Tr. 33:19, should be used.

Fifth, Question 3 of the Verdict Form improperly suggests that statutory damages may be nothing more than an estimate of profits that Costco currently retains. The Court has taken under advisement the proposed jury instructions Nos. 31 and 32, which address all of the factors to be considered in an award of statutory damages. Hr'g Tr. 62:12-14.

---

recover statutory damages "[s]ince the potential statutory damages dwarf any possible actual damages." That does not appear to be the case here.

Sixth, Question 4 of the Verdict Form tracks Costco's proposed jury instruction No. 54, as to which Tiffany has objected and as to which the Court has taken under advisement. Hr'g Tr. 63:19-20.

Finally, although the Court did not invite Costco to reargue its position regarding Tiffany's so-called "standing" to seek punitive damages under New York law, Costco has done so. To the extent that the Court has not already rejected this argument, Tiffany respectfully refers the Court to its Memorandum of Law in Opposition to Costco's Motions *in Limine*, at 14 n.18, in which Tiffany established that it need not prove actual damages to recover punitive damages.

          Respectfully submitted,

          s/Jeffrey A. Mitchell
          Jeffrey A. Mitchell

cc:    James W. Dabney, Esq.
       Ross Lipman, Esq.
       Richard M. Koehl, Esq.
       Emma L. Baratta, Esq.