UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__4/29/2021__
```

-------------------------------------------------------------------X
                                   :

TIFFANY AND COMPANY and TIFFANY (NJ) LLC,    :

                 Plaintiffs,    :

                                 :            13-cv-1041 (LJL)

        -v-                  :

                                 :           OPINION & ORDER

COSTCO WHOLESALE CORP.,    :

                 Defendant.    :

                                 :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendant Costco Wholesale Corp. ("Costco") moves, pursuant to Federal Rule of Appellate Procedure 39 ("Rule 39") (e) and an order of the United States Court of Appeals for the Second Circuit, for an order of this Court awarding it the bond costs it incurred in securing a judgment against it that the Second Circuit has now vacated.

The motion arises from Costco's successful appeal of two orders of this Court. On September 8, 2015, the Court entered an order awarding Plaintiffs Tiffany & Co. and Tiffany (NJ) LLC (collectively "Tiffany" or "Plaintiffs") summary judgment on liability and on August 25, 2017, the Court entered Judgment in favor of Tiffany in the amount of $21,010,438.35. Dkt. No. 440. On February 8, 2019, the Court awarded Tiffany attorneys' fees and costs totaling $5,861,507.83 ("Attorneys Fee Award"). Dkt. No. 477. Costco filed two bonds (the "Bonds") to secure the Judgment and the Attorneys Fee Award pending its appeal to the Second Circuit, and paid premiums for the Bonds totaling $147,324.00. Dkt. No. 497 ¶¶ 2, 5. On August 17, 2020, the Second Circuit vacated the Judgment and Attorneys Fee Award in their entirety and remanded to this Court for trial. Dkt. No. 480. On September 1, 2020, the Court entered a

Stipulation and Order discharging the Bonds in their entirety.  Dkt. No. 482.  On December 7,

2020, the Second Circuit granted Costco's application for costs, taxed costs in the amount of

$46,662.20, and ordered that Costco may seek bond costs in the district court.   The Second

Circuit's order reads as follows:  IT IS HEREBY ORDERED that the application for costs is

granted in part.  Costs are taxed in the amount of $46,662.20 in favor of Costco.  It is further

ORDERED that Costco may seek bond costs in the district court."  Dkt. No. 492.

Tiffany has paid the appeal costs in their entirety.  On December 18, 2020, Costco filed a

Notice of Taxation of Costs and a Bill of Costs for the costs of the Bonds.  Dkt. No. 494.  The

same day, Costco attempted to file a bill of costs with this Court seeking the recovery of its bond

costs under Rule 39.  Dkt. No. 494.  On December 21, 2020, the Clerk rejected Costco's Bill of

Costs for non-compliance with Local Rule 54.1 because "final judgment has not been entered in

the case.  The filer must wait until final judgment is entered."  Dkt. No. 497-3.   On January 11,

2021, Costco filed this motion with the Court.  Dkt. No. 495.  It is opposed by Tiffany.

Rule 39(a)(4) provides that "if a judgment is affirmed in part, reversed in part, modified,

or vacated, costs are taxed only as the court orders."  Fed. R. App. P. 39(a)(4).  Under that rule,

once the circuit court has decided that a party is entitled to the recovery of the costs of appeal,

certain costs become "taxable" in the circuit court itself, *see* Fed. R. App. P. 39(c), and other

costs are taxable in the district court.  *See Lamborn v. Dittmer*, 726 F. Supp. 510, 520 (S.D.N.Y.

1989) ("When costs are awarded to a prevailing party on appeal, a portion of the costs is taxed in

the circuit court and a portion is taxed in the district court").  The division of responsibility is

notable.  The costs taxable in the district court, which include, in addition to the cost for the

reporter's transcript, "premiums paid for a bond or other security to preserve rights pending

appeal,"  Fed. R. App. P. 39(e)(3), frequently dwarf costs taxable in the court of appeals, which

largely are confined to those for the copying of briefs and appendices.  *See, e.g.*, *Hynix Semiconductor Inc. v. Rambus Inc.*, 2012 WL 95417, at *1 (N.D. Cal. Jan. 11, 2012) (appellate printing costs of $12,055.76 compared to costs in excess of $16 million, "the bulk of which are costs incurred in obtaining and maintaining the supersedeas bond required by the court as a condition of staying execution of the judgment"); *Ross-Simmons Hardwood Lumber Co. v. Weyerhauser Co.*, 2007 WL 2050869, at *1 (D. Or. July 5, 2007) (comparing costs taxed in the court of appeals of $931.80 for photocopying with costs of $672,978.24 for filing fee on appeal, transcripts, and premiums on supersedeas bond).

The rule that certain costs are taxable in the district court is one of "general convenience."  *Lamborn*, 726 F. Supp. at 520 (citing Fed R. App. P. 39 advisory committee's note).  The Circuit Court, which has heard the appeal, is best positioned to determine which party—if any—should be entitled to costs in a circumstance where the judgment has been vacated and thus where "the disposition on appeal [does] not lend itself to a ready determination of which party, if any, should bear costs on appeal."  *L-3 Communications Corp. v. OSI Sys., Inc.*, 607 F.3d 24, 28 (2d Cir. 2010).  The district court is essentially "a stranger to the appeal process except for the fact that his or her order or judgment was the subject of the appeal."  *Chapman v. ChoiceCare Long Island Long Term Disability Income Plan*, 2007 WL 1467146, at *14 (E.D.N.Y. May 16, 2007).  Once the appellate court has made the determination of who if anyone is to pay costs, it falls to the district court, as a matter of convenience, to actually tax the costs incurred in the district court.

The Second Circuit comprehensively discussed the interplay of Rules 39(a)(4) and 39(e) in *L-3 Communications Corp.*, 607 F.3d at 24.  In that case, after the appellant L-3 Communications Corporation ("L-3") secured an order from the Second Circuit vacating the

3

district court's judgment in the favor of its adversary, OSI Systems, Inc. ("OSI") and remanding

for a new trial on one claim, it sought to recover its costs associated with the appeal, including

both those costs directly taxable in the Circuit Court and those taxable in the District Court.  The

Second Circuit entered a simple order stating: "IT IS HEREBY ORDERED that the motion to

tax the costs pursuant to FRAP 39(a)(4) is GRANTED."  *Id.* at 27.  Thereafter, it issued an order

taxing OSI's for costs in the Court of Appeals, including docketing fees and printing costs.  *Id.*

L-3 subsequently obtained an order from the district court permitting it to recover the costs it had

incurred in securing the judgment pending appeal and OSI appealed, contending that since the

appellate court was silent on the issue of costs under Rule 39(e) and had not specifically directed

taxation of costs under Rule 39(e), the district court was without power to tax costs under Rule

39(e).  The Second Circuit rejected that argument.  It held:

> We read subsection (a)(4) as requiring the appellate court to make a determination
> about which party, if any, should bear costs before costs may be taxed.  Just as with
> subsections (a)(1), (2), and (3), however, we do not read this section as requiring
> the appellate court to delineate precisely what costs under Rule 39 that party will
> bear.  This reading comports with the structure of the Rule.  Subsection (a)—
> including (a)(4)—determines which party will bear costs, and the rest of the Rule
> determines what costs are available and how those costs may be taxed. . . . Once a
> party is designated by the appellate court without limitation as the party entitled to
> costs under subsection (a)(4), it is entitled to seek costs in the same manner as is a
> prevailing party under subsections (a)(1), (2), and (3), and may seek, in the district
> court, those costs taxable under Rule 39(e).

*Id*. at 29.

An appellate court has several choices under Rule 39(a)(4): it "may award all costs to one

party, may award costs to no party, or may award costs in whatever combination it sees fit."  *Id.*

(internal citations omitted).  Under *L-3 Communications Corp.*, "once the appellate court,

without reservation, awards costs to a specific party under Rule 39(a)(4) . . . that party is entitled

to those costs properly taxed in the appellate court under Rule 39(c) and may also seek costs

taxed in the district court under Rule 39(e)." *Id.*[1]

Costco thus is entitled to an order awarding it the bond costs it incurred in securing a judgment against it. The Second Circuit's order is best interpreted as determining that Tiffany will pay the costs on appeal. The order taxed those costs in favor of Costco and against Tiffany that could be taxed at the appellate court level. It also gave Costco the right to seek its bond costs in the district court—the most that it had the authority to do under *L-3 Communications Corp*. It thus awarded costs to Costco "without limitation." In ordering that Costco seek bond costs in the district court, the court did no more than Rule 39 required it to do in all cases where it intends that the prevailing party receive all its Rule 39(e) costs—to seek an order for those costs in the district court.

Tiffany has several responses, none of which the Court finds persuasive. First, it argues that the Second Circuit order permitted Costco to seek bond costs in the district court but did not require the district court to award those costs. The Court does not read the Second Circuit's order in that manner. Under *L-3 Communications Corp.*, the Circuit Court had the authority to "award costs in whatever combination it [saw] fit." *Id.* The court of appeals is the "court" in Rule 39(a)(4) that determines how "costs are taxed" in a situation where the judgment below is vacated. The Second Circuit could have denied Costco the right to bond costs if it believed that Costco should not receive those costs. It had both the right and responsibility to "award costs in whatever combination it [saw] fit." *Id.* It did not do so, entering an order that, after awarding costs to Costco, contained no words of limitation. The *L-3 Communications Corp.* court did not identify as an option that the Circuit Court would delegate to the District Court the authority to

---

[1] Other Circuits have come to a different conclusion regarding Rule 39(a)(4). *See Hudson v. Spencer*, 2018 WL 6487986, at *1 (D. Mass. Dec. 10, 2018) (discussing circuit split); *Hynix Semiconductor*, 2012 WL 95417, at *2 (same).

itself determine the combination of costs.

Thus, if Tiffany thought that Costco should not receive bond costs, it was incumbent on Tiffany to make that argument successfully to the appellate court.  If Tiffany thought that the Circuit Court's order was ambiguous, it was up to Tiffany to raise that ambiguity with that court. Tiffany not having done so, this court must interpret and apply the Second Circuit order as written.  *See Scaduto v. Orlando*, 381 F.2d 587, 596 (2d Cir. 1967) (holding that district court erred in not granting prevailing party in court of appeals its bond costs after the Second Circuit awarded that party the costs taxable in the court of appeals); *see also Flythe v. District of Columbia*, 317 F.R.D. 596, 598 (D.D.C. 2016) ("[o]nce a party is awarded costs by the appellate court pursuant to Rule 39(a)(4), . . . that party is considered a prevailing party and is entitled to seek costs in the district court under Rule 39(e)"); *In re Sioux Ltd., Sec. Litig.*, 1991 WL 182578, at *1 (5th Cir. Mar. 4, 1991) ("Rule 39(e) is mandatory . . . The district court has no discretion whether, when, to what extent, or which party to award costs of the appeal.  In taxing the costs on appeal, its sole responsibility is to ensure that only proper costs are awarded").

Tiffany would essentially have this Court arrogate to itself and potentially "upset" a determination that properly belongs to the circuit court: who if anyone should bear costs and what costs they should bear.  Rule 39 does not give that power to the district court.  *See ChoiceCare*, 2007 WL 1467146, at *14 (holding that district court's authority to award costs on appeal is essentially "ministerial" and that the court has no power to award appellate costs on appeal under Rule 39(a)(4) when appellate court has not indicated that costs should be awarded); *Record Club of Am., Inc. v. United Artists Records, Inc.*, 731 F. Supp. 602, 603 (S.D.N.Y. 1990) ("A district court lacks discretion to refuse to impose the costs on appeal when ordered to do so by the Second Circuit") (citing *Lamborn*, 726 F. Supp at 510); *Lamborn*, 726 F. Supp. at 520 ("A

district judge has discretion under Rule 54(d), F. R. Civ. P., with respect to trial costs, but has no discretion with respect to appellate costs").[2]   As the Court of Appeals indicated in *L-3 Communications Corp.*, it is in a better position than this Court to determine whether, given the issues on appeal and their outcome, Tiffany should have to pay the costs of the bond.

Second, Tiffany argues that, although prior to the 1998 amendments to Rule 39 the district court had no discretion but to award bond costs to a party to whom costs were awarded in the Second Circuit absent words of limitation, those amendments changed the law and conferred such discretion on the district court.  Prior to 1998, Rule 39 stated that costs "shall be taxed in the district court in favor of the party entitled to costs" under Rule 39.  In 1998, the rule was amended to provide "[t]he following costs on appeal are *taxable* in the district court for the benefit of the party entitled to costs under this rule."  Fed. R. Civ. P. 39(e) (emphasis added). Tiffany's argument runs up against two insuperable obstacles.  First, the advisory committee itself stated that "[t]hese changes are intended to be stylistic only" and were designed solely to "make style and terminology consistent throughout the appellate rules."  Fed. R. Civ. P. 39(e) advisory committee's note to 1998 amendment.  Second, the Second Circuit was confronted with a similar argument in *L-3 Communications Corp.* and expressed skepticism: "We find dubious OSI's argument that, contrary to the Committee Notes to Rule 39, this amendment constituted a substantive change to Rule 39."  *L-3 Communications*, 607 F.3d at 30.

---

[2] Tiffany attempts to distinguish *ChoiceCare*, 2007 WL 1467146, at *14, on the grounds that the Court stated that the language regarding the district court role being ministerial came in a sentence where the Court stated "the awarding of the appellate costs listed in Rule 39(e)(1)-(4) to a prevailing party under (a)(1), (2), or (3) is essentially a ministerial task, specifically entrusted under the Rule 39 to the lower court" without mentioning Rule 39(e)(4).  But that misses the point of *ChoiceCare*.  The point the Court was making was that just as the district court plays a ministerial role under Rules 39(a)(1)-(3), so too after the appellate court has entered an order under Rule 39(a)(4) is the court's role ministerial.  It must interpret the appellate court order and then execute it.

For the same reasons that the Second Circuit was dubitante, this Court now rejects Tiffany's argument.  In essence, under Rule 39(a), the Court of Appeals determines as a general matter whether costs are "taxed"; once it does so certain of the costs become taxable in the circuit court (meaning that the district court need take no action) and others become taxable in the district court.  The Advisory Committee's use of the word "taxable" denotes that it is for the district court to enter the order taxing costs after it has determined the costs are properly taxable under Rule 39(e) and what the costs are, not that the district court has discretion to set aside wholesale a particular category of costs set forth in Rule 39(e) after the Circuit Court has determined that the appellant is entitled to be paid its costs.  *See City of San Antonio, Tex. v. Hotels.com, L.P.*, 959 F.3d 159, 166 (5th Cir. 2020) ("the 1998 amendment worked no substantive change to Rule 39(e)").[3]

Third, Tiffany argues that the Court should tax the bond costs only after there has been a determination on the merits of the case, citing the Sixth Circuit decision in *Berthelsen v. Kane*, 907 F.2d 617, 623 (6th Cir. 1990) and the Eighth Circuit decision in *Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616, 626-27 (8th Cir. 2003).[4]  Those cases are inapposite.  In *Berthelsen*,

---

[3] In an unpublished opinion, the Eleventh Circuit reached a somewhat different conclusion.  *See Campbell v. Rainbow City, Ala.*, 209 F. App'x 873 (11th Cir. 2006).  The court stated: "in cases under Rule 39(a)(4), only the appellate court retains discretion to award or not award costs."  *Id.* at 875.  However, it held that in cases under Rule 39(a)(3), where costs are automatically taxed against the appellee, the district court retains discretion under Rule 39(e) to determine which costs the appellee will bear.  *Id.*  The decision thus would interpret the identical language in Rule 39(e) in two diametrically different ways depending on the circumstance under which costs become taxable.  That holding does not appear to be consistent with the law in the Second Circuit.

[4] Tiffany also relies on *Ross-Simmons Hardwood Lumber Co. v. Weyerhauser Co.*, 2007 WL 2050869 (D. Or. July 5, 2007), but in that case court merely deferred reaching the issue whether it was required to tax the losing party on appeal with the substantial costs of the supersedeas bond and "stayed" the cost bills for fear that litigation over the issue of whether the court had discretion would "distrac[t] the court and parties from the principal issues in this litigation and in the other pending *Weyerhauser* . . . antitrust cases."  *Id.* at *4.

which involved a successful appeal from the entry of a default judgment, the Sixth Circuit held

that the district court lacked discretion to order costs for a supersedeas bond because the

appellate court explicitly ordered that "the district court is free to determine whether the

premium paid on the supersedeas bond should be taxed as costs after there has been a

determination on the merits of th[e] case."  907 F.2d at 623.  In *Emmenegger*, likewise, the court

of appeals was "explicit in leaving the decision [whether to tax the cost of a bond] to the

discretion of the district court."  324 F.3d at 626.  In both cases, then, the district court in

exercising discretion whether or not to award bond costs was simply honoring the directive of

the court of appeals and doing precisely what it was told to do.  *See City of San Antonio*, 959

F.3d at 166 n.2 (distinguishing *Emmenegger* and *Berthelsen* on grounds that "they turn on the

appellate court's manifest intention to leave the taxation decision to the discretion of the district

court in Rule 39(a)(4) situations where the appeal resulted in a remand for further proceedings

such that it remained unclear which party would ultimately prevail on the merits").  Leaving

aside the open question in this Circuit whether Rule 39(a) grants the court of appeals the power

to delegate to the district court the decision which costs to impose, rather than making the

decision on its own, as well as to delay the taxation of costs, the Court simply does not interpret

the Second Circuit's order as one asking it to exercise that discretion.  Moreover, the Second

Circuit having determined that Costco was entitled to costs as a prevailing party, "an order taxing

appellate costs is effective immediately, and is not dependent upon the ultimate outcome of the

case on remand."  *Hynix Semiconductor*, 2012 WL 95417, at *3; *see also Hudson v. Spencer*,

2018 WL 6487986, at *1 (D. Mass. Dec. 10, 2018) ("Where a party is awarded costs by the

appellate court pursuant to Fed. R. App. P. 39(a)(4), . . . that party is immediately entitled to seek

costs in the district court under Fed. R. App. P. 39(e) regardless of the ultimate outcome of the

case on remand.").  The court would have had to use words of "limitation" to require Costco to wait for a decision on the merits.

Tiffany also argues that Costco's application to this Court is untimely because it was brought more than 7 days after the clerk "action,", and that Costco has not shown that its bond costs were necessarily incurred.  Dkt. No. 503 at 2-3 For the argument that the request is untimely, Tiffany also relies on Federal Rule of Civil Procedure 54.  That rule provides, in pertinent part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  It also provides that "[t]he clerk may tax costs on 14 days' notice," and that "[o]n motion served within the next 7 days, the court may review the clerk's action."  *Id.*  There two flaws in Tiffany's argument.  First, the clerk took no action on the application; it merely entered a docket entry stating that the "Bill of Costs Notice of Taxation, was rejected by the Clerk's office [because] final judgment has not been entered in the case," which is the appropriate course of action when an application is made for district court costs under Rule 54.  Thus, there was no 7 days from which Costco's application had to run.  Second, Rule 54 addresses district court costs, not costs on appeal.  Costco's application rests upon Rule 39(e).  The rule that costs are awarded only after a final judgment in the district court does not apply under Rule 39 and neither do the timetables under Rule 54(d)(1).[5]

Tiffany's further argument that Costco should be denied bond costs because they were not "necessarily incurred" fails for similar and additional reasons.  Tiffany relies in part on Local Rule 54.1 of the Rules of the Southern and Eastern Districts of New York.  That rule provides

---

[5] In any event, the 7-day period is not jurisdictional.  See 10 James Wm. Moore et al., *Moore's Federal Practice – Civil* § 54.100 (Matthew Bender 3d ed. 2021).

that a party seeking an award of costs under Rule 54 must file a bill of costs with "an affidavit

that the costs claimed are allowable by law, are correctly stated and were necessarily incurred."

Local Rule 54.1.  Costco did not file such an affidavit.  Local Rule 54.1, however, is addressed to

costs allowable under Rule 54—transcripts, depositions, witness fees, travel expenses and

subsistence, interpreting costs, exemplifications and copies of papers, and the like.  It is not

addressed to costs allowable under Rule 39.  In the case of those costs, Rule 39 sets forth the

types of costs that might be able to be taxed to the losing party on an appeal and leaves it to the

court of appeals to decide whether they should be taxed.  Thus, to the extent that Tiffany relies

on the Local Rule adopted by the district court, such reliance is inapposite.

        To the extent that Tiffany makes a free-floating argument that Costco unnecessarily

incurred the costs for the bonds and thus should not be reimbursed by Tiffany, that argument is

similarly ill-founded.  The advisory committee notes reflect that "[p]rovision for taxation of the

cost of premiums paid for supersedeas bonds is common in the local rules of district courts and

the practice is established in the Second, Sevenths, and Ninth Circuits."  Fed. R. App. P. 39

advisory committee's note.  Judge Augustus N. Hand rejected a similar argument that "the

premiums for obtaining the supersedeas bond should not have been taxed as appeal costs because

they were not necessary items of the costs of appeal, for the reason that the appeal could have

been perfected without such a bond" in the earliest case cited by the Advisory Committee.  *Land

Oberoesterreich v. Gude*, 93 F.2d 292, 293 (2d Cir. 1937).  His words in rejecting that argument

apply here as well.  After reciting that "premiums reasonably required and paid to relieve

property from attachment or execution cannot be regarded as 'optional rather than necessary,'"

*id.* (quoting *Williams v. Sawyer Bros.*, 51 F.2d 1004 (2d Cir 1931)), he stated:

> It was the erroneous judgment obtained by the plaintiff that made it necessary for
> the defendants to obtain a supersedeas or run the risk of having the judgment

> collected by the plaintiff.  We think defendants ought not to be required to run the
> risk of making such a payment and seeking a refund if judgment should later be
> held to have been erroneously rendered.  In other words, the premiums ought to be
> regarded as a reasonably necessary expense of the appeal.  If so, they stand in the
> same position as the other items of costs which have been taxed in the case at bar
> and are not questioned.  They do not abide the event like other costs unconnected
> with the appeal, but are presently taxable and payable after the order of reversal.

*Id.* (citing *Jennings v. Burton*, 177 F. 603 (S.D.N.Y. 1910); *see also Scaduto*, 381 F.2d at 596

("by longstanding custom in this Circuit, . . . the cost of obtaining a supersedeas bond is allowed

to a prevailing appellant"); *Berner v. British Commonwealth Pac. Airlines, Ltd.*, 362 F.2d 799,

801 (2d Cir. 1966) ("Plaintiffs never objected to this method of staying execution of the

judgment, and the suggestion that some method of attachment on defendants' airplanes was an

available substitute is an afterthought wholly without merit.").

Thus, even if it were discretionary, the Court would exercise its discretion to award the

bond costs to Costco here.  Those costs were incurred to secure the Judgment pending the appeal

by Costco of that Judgment and would not have been incurred but for the erroneous entry of

Judgment.  Costco had to provide the bond in order to prevent execution of the Judgment.  *See*

Fed. R. Civ. P. 62(b).  Costco prevailed and the Second Circuit ruled that it was correct (and

Tiffany was wrong) that Judgment was improperly entered.  It is irrelevant that Tiffany may

ultimately prevail in this Court on remand.  If it does so, and Costco appeals, it will have to post

a bond for the judgment to take an appeal.  The fact that it may need to do so in the future,

however, is irrelevant as to whether it may pass onto Tiffany—the losing party on the appeal—

the bond costs that Costco incurred as a result of the judgment and of having to take the appeal.

## CONCLUSION

Costco's costs for the supersedeas bonds are taxable under Rule 39(e) and there is no

dispute as to the cost it incurred for the bonds.  Accordingly, its application is GRANTED and

Tiffany will be taxed in the amount of $147,324.00.

SO ORDERED.

Dated: April 29, 2021
       New York, New York
                                        _____
                                                 LEWIS J. LIMAN
                                           United States District Judge